UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-16 JAMES ROBINSON,

    Defendant.
_____/

Case No. 15-20652

HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTIONS
IN LIMINE [ECF Nos. 1367, 1369, 1370, 1376]

This matter is before the court on four motions in limine filed by defendant James Robinson. The court heard oral argument on the motions on April 18, 2019.

## I. Motion to Strike Surplusage and Prejudicial Information

Defendant moves to strike non-essential allegations and counts from the Indictment before it is read to the jury, arguing they are not relevant and are prejudicial. Specifically, defendant seeks to strike the paragraphs and counts that pertain to co-defendants and do not name him.

The government states that it will not ask the court to read the indictment to the jury. Because the jury will not hear the precise charging

language of those counts in which Robinson is not named, or the death penalty special findings, defendant's motion to strike surplusage is moot.

Defendant's motion in limine to strike surplusage is DENIED as moot.

## II. Motion to Preclude Recalling Agent Ruiz

Defendant Robinson previously joined in a motion filed by co-defendant Corey Bailey to preclude Special Agent Ruiz from being recalled as a witness. (Doc. 959, 964) The court denied the motion and permitted Ruiz to testify multiple times in the second trial of co-defendants held June to August 2018. (Doc. 1018) Robinson's counsel agrees that his client is bound by the ruling but brings this motion to preclude Ruiz from narrating the case. In the new motion, defendant argues the same grounds previously considered and rejected by the court.

Defendant argues the repeated appearance of Ruiz bolsters his credibility with the jury and enhances his status. Defendant cites to Judge Hood's opinion in *United States v. Hamilton*, No. 16-20062, where the court was not "persuaded that granting the Government the right to recall witnesses to give testimony episodically or via installments is warranted or appropriate in the instant case." Judge Hood held that the jurors could take notes to recall the witness's testimony; that there was a danger that a witness who frequents the witness stand will become unfairly credible, reliable, or familiar; and that it was a needless waste of time.

This court finds that having Special Agent Ruiz testify multiple times aids the jury by allowing the government to present evidence in an orderly manner. This RICO conspiracy case spans more than a decade and involves dozens of events. The court's prior experience in the trials of co-defendants demonstrates that the government's evidence was not unreasonably redundant or wasteful. Rather, allowing the government to recall the case agent at different times throughout the prior two trials proved to be an efficient way to present evidence to the jury in a manner that provided context for various incidents and in a format that the jurors could more easily understand.

Defendant's motion in limine to preclude recalling Agent Ruiz throughout trial is DENIED.

### III. Motion to Preclude Evidence Regarding a Raid on Manning St.

Defendant moves to preclude any evidence relative to the search warrant executed at 14781 and 14791 Manning Street on May 31, 2006 (Overt Act 98). At oral argument defense counsel amended his motion to also include all evidence relative to the search of 14791 Manning on December 4, 2006, at which search defendant was not present (Overt Act 96). According to defendant, with regard to the May 31 search, no one was arrested or charged with any criminal conduct. Defendant contends that he was merely present at the scene when the raid was executed and

he received a ticket for loitering.  No laboratory reports for any alleged controlled substances seized have been produced.  Therefore, defendant argues the evidence seized, as well as the search warrant and raid, are irrelevant and prejudicial to his right to a fair trial.

The government explains that the circumstances of the May 31, 2006 "raid", including who was present and what was recovered, are relevant evidence in this trial.  The fact that Robinson was found at a house on Manning Street, in the Red Zone, with two charged co-defendants and others, with suspected drugs, is relevant evidence bearing on all five elements of the charged RICO conspiracy: (1) the existence of the SMB enterprise, (2) Robinson's association with the SMB enterprise, (3) his agreement to participate in the conduct of the affairs of the enterprise, (4) his agreement that he or a conspirator would participate in at least two acts of racketeering activity – here, conspiracy to distribute and distribution of controlled substances, and (5) that the enterprise's activities affected interstate commerce via drug dealing.

Federal Rule of Evidence 401 states that evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence.  "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth."

*United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006). Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newson*, 452 F.3d 593, 603 (6th Cir. 2006) (citation omitted).

The government intends to show that the SMB enterprise and its members distributed illegal narcotics as a way of generating income for the SMB enterprise, and they did so in the Red Zone, to the exclusion of others. Overt Acts 98 and 96 exemplify this activity and are relevant and admissible evidence of the predicate racketeering activity of conspiracy to distribute and distribution of controlled substances.

To prove RICO conspiracy, the government is not required not to prove that Robinson possessed or distributed crack cocaine. The government offers the evidence at issue to demonstrate Robinson joined the larger racketeering conspiracy involving selling drugs from drug houses on Manning Street in the Red Zone. The lack of testing of the suspected crack cocaine does not create undue prejudice or mislead the jury so as to substantially outweigh the legitimate probative value of the evidence.

Officer William Ashford can testify to the three suspected drug transactions he witnessed during his surveillance, which formed the justification for the search warrant, as well as to the movement of the alleged drug sellers between the houses and those individuals he found at 14781 Manning when he executed the warrant. The defense can cross-examine Ashford on the lack of follow-up testing, which goes to the weight of the evidence.

Defendant's motion in limine to preclude evidence regarding the raid on Manning Street is DENIED.

**IV.    Motion to Preclude Opinion Evidence Regarding Alleged Bullet Holes**

Defendant Robinson moves to preclude the government from offering opinion testimony of law enforcement officers, specifically that holes in a vehicle were bullet holes. Defendant argues that the police officer witnesses did not observe any shooting nor is there a foundation to qualify them to give lay opinions as required by Federal Rule of Evidence 701.

The government's theory is that members of the SMB sought revenge against rival gang members for the murder of Devon McClure on May 1, 2015. To that end, the government alleges that on June 7, 2015, Robinson and co-defendant Billy Arnold shot at rival gang members leaving a baby shower. (Overt Act 16).

Dash cam video of the Kmart parking lot shows Roseville Police Officer Boucher approaching a car and opining that the hole he saw in the

left rear of the Ford Taurus was a bullet hole, there was no exit hole, and that the bullet would still be in the car. Officer Cinnamond testified in the trial of co-defendants that Officer Boucher said the hole looked like a bullet hole. However, nobody at the Roseville Police Department examined the Taurus to determine if the hole was in fact a bullet hole. They returned the Taurus to its owner without conducting any tests.

The government does not intend to have Officer Boucher or Officer Cinnamond testify as expert witnesses. Rather, the government expects the officers will testify that the holes in the Ford Taurus "appear" to be bullet holes. FRE 701 permits a lay witness to provide opinion testimony so long as a foundation is established. The witness's opinion must be based on his perception, be helpful to determine a fact in issue, and cannot be based on scientific, technical or other specialized knowledge within the scope of Rule 702. "[T]he modern trend among courts favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010).

The government seeks to offer the officers' testimony that the holes appeared to be bullet holes to explain why they decided to arrest DaJuan and DaVaun Talbert. Specifically, they arrested the brothers based on their belief that the car had damage caused by bullets. The relevance of the

testimony is that it explains why the Talbert brothers were arrested when they went to the Kmart parking lot to retrieve their car, which had been borrowed by defendant Robinson. The testimony provides a critical fact in the chain of circumstances that supports the government's theory that Robinson was driving the Talbert's Ford Taurus, while passenger Billy Arnold attempted to kill rival gang member Darnell Canady.

The government may attempt to establish a foundation for the officers to testify as lay witnesses.

Defendant's motion in limine to preclude lay opinion evidence with regard to alleged bullet holes is DENIED, subject to the government establishing a foundation.

It is so ordered.

Dated: April 23, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 23, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk